The above decree was made, subject to the opinion of this Court, on the question, whether lands in Virginia, which descended to the defendants Elizabeth and Mary, and were sold by them before the commencement of this suit in equity, ought to be made liable to the payment of the plaintiff's debt, being due on a bond given by the father and ancestor of the said Elizabeth and Mary, whereby he bound himself and his heirs for the payment of the said debt.
Even in 1 Vern., 282, the plea was overruled, and it does not appear what afterwards became of a suit. It is like many of Mr. Vernon's cases, but a loose note hastily taken by a gentleman in the full tide of practice, and indiscreetly published by others after his death. But from the authority of the two distinguished Judges, who, after that period, presided in the two different Courts of Equity in England, we may safely take it that the rule was fully settled as first above laid down; and it is, perhaps, owing to that circumstance, as well as to the interference of British statutes, that we meet with so little on the subject in the books.
I take it for granted that no law of Virginia can be shown barring a creditor of any remedy which before the settlement of that country he had in England against lands, either in law or equity.
2. The case stated is, from inadvertency, incomplete, in not stating when the lands descended; but the bill charges that Herbert Haynes died (and of course the lands descended) in 1792; this statement is not denied in the answers, and is, I believe, correct, and therefore ought to be considered one of the facts constituting the case; and if so, then an act of the Virginia Legislature, passed the 17th day of December, 1789, and printed in the Revised Code, page 53, decides the question at once, for section 6 is as follows: "And be it further enacted, that where any heir at law shall be liable to pay the debt of his ancestor in regard of any lands, tenements, or hereditaments descending to him, and shall sell, alien, or make over the same before any action brought, or process sued out against him, such heir shall be answerable for such debt or debts in an action or actions of debt, to the value of the said lands so by him sold, aliened, or made over," etc.
The bill was properly brought whether the money was equitable or legal assets.
The lands in Virginia, which descended to Elizabeth and Mary, the heirs of H. Haynes, were (549) subject to the payment of his debts due by specialty, whereby he bound himself and heirs; and the heirs, having sold the lands and received the value of them, are liable to pay the complainants the amount of the money so received, notwithstanding the sale of the lands took place before the commencement of the action. We are therefore of opinion that the decree as pronounced in the District Court is right, and ought to be carried into execution. *Page 463